IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Jahidul Haque Hazary, Bazlur Rahman Bhuiyan, and All Others Similarly Situated<br>    Plaintiffs,<br><br>v.<br><br>Greens Mart, Inc., Taufique Chowdhury, Mohammed Romman Chowdhury, and Roksana Chowdhury<br>    Defendants. | Civil Action<br>File No. 4:22-cv-<br><br>Jury Demanded |

## PLAINTIFFS' ORIGINAL CLASS COMPLAINT

NOW COME PLAINTIFFS, Jahidul Haque Hazary and Bazlur Rahman Bhuiyan ("Plaintiffs"), and all others similarly situated ("Members of the Plaintiff Class"), and complain of Defendants Greens Mart, Inc., Taufique Chowdhury, Mohammed Romman Chowdhury, and Roksana Chowdhury (collectively, the "Defendants"). For cause of action, Plaintiffs would respectfully show the Honorable Court as follows:

### I.
### INTRODUCTION AND SUMMARY OF SUIT

1. Plaintiffs and Members of the Plaintiff Class file this collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), seeking to recover unpaid overtime and straight-time wages from the Defendants.

2. The Defendants own(ed) and operate(d) gasoline stations and convenience stores in the state of Texas (collectively, "Gas Stations"), including the Exxon gasoline station and convenience store doing business as "Greens Mart", located at 3 Greens Road, Houston, Texas 77060 (the "Greens Mart Exxon").

3. In violation of the FLSA, Defendants failed to pay wages, including overtime wages, to the Plaintiffs and to Members of the Plaintiff Class. Plaintiffs and Members of the

1

Plaintiff Class routinely worked in excess of 40 hours a week for the Defendants, yet they did not receive overtime wages as the FLSA requires. *See* 29 U.S.C. § 207(a). Further, Defendants failed to pay Plaintiffs and Members of the Plaintiff Class their straight-time wages for some of the hours worked. *See* 29 U.S.C. § 206(a). The Defendants engaged in a company-wide, and uniformly applied policy that resulted in the willful non-payment of employees' wages.

4. On or about November 6, 2020, Defendants sold the Greens Mart Exxon. Plaintiffs and Members of the Plaintiff Class thus seek their unpaid wages up until, and including, the date Defendants owned and/or operated the Greens Mart Exxon.

5. This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, all costs of the action, and post-judgment interest for Defendants' willful failure to pay wages to Plaintiffs and to Members of the Plaintiff Class.

## II.
### SUBJECT MATTER JURISDICTION AND VENUE

6. Plaintiffs file suit pursuant to the FLSA, a federal statute. 28 U.S.C. §1331.

7. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
### PARTIES AND PERSONAL JURISDICTION

8. Plaintiff, **Jahidul Haque Hazary,** resides in Harris County, Texas. Mr. Jahidul Hazary was an employee who worked as a store clerk at the Greens Mart Exxon.

9. Plaintiff, **Bazlur Rahman Bhuiyan**, resides in Harris County, Texas. Mr. Bhuiyan was an employee who worked as a store clerk at the Greens Mart Exxon.

10. **Members of the Plaintiff Class** are current and former non-exempt employees of the Defendants who work, or worked, at one or more Gas Stations operated and/or controlled by the Defendants during the relevant period, and who did not receive their overtime and/or straight-time wages during one or more workweek.

11. Defendant, **Greens Mart, Inc.,** is a Texas corporation that may be served with summons and complaint by serving its duly appointed registered agent, Taufique Chowdhury, at 10915 Wildcat Bridge Lane, Sugar Land, Texas 77498. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiffs and Members of the Plaintiff Class. Further, by operating one or more Gas Stations in Texas, this Defendant has engaged in business in the State of Texas.

12. Defendant, **Taufique Chowdhury**, is an individual who may be served at his residence at 10915 Wildcat Bridge Lane, Sugar Land, Texas 77498. This Defendant owns/owned and operates/operated one or more Gas Stations, directly or by his ownership in legal entities that own/owned and operate/operated Gas Stations engaged in interstate commerce or in the production of goods for interstate commerce. Further, this Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs and Members of the Plaintiff Class. This Defendant, along with others, created and implemented the enterprise-wide violations of the FLSA alleged herein.

13. Defendant, **Mohammed Romman Chowdhury**, is an individual who may be served at his residence at 10023 Halston Drive, Sugar Land, Texas 77478. This Defendant owns/owned and operates/operated one or more Gas Stations, directly or by his ownership in legal entities that own/owned and operate/operated Gas Stations engaged in interstate commerce or in the production of goods for interstate commerce. Further, this Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs and Members of the Plaintiff Class. This Defendant, along with others, created and implemented the enterprise-wide violations of the FLSA alleged herein.

14. Defendant, **Roksana Chowdhury**, is an individual who may be served at her residence at 10023 Halston Drive, Sugar Land, Texas 77478. This Defendant owns/owned and

operates/operated one or more Gas Stations, directly or by her ownership in legal entities that own/owned and operate/operated Gas Stations engaged in interstate commerce or in the production of goods for interstate commerce. Further, this Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs and Members of the Plaintiff Class. This Defendant, along with others, created and implemented the enterprise-wide violations of the FLSA alleged herein.

15. Whenever this complaint alleges the Defendants committed any act or omission, it is meant that such act / omission was not only committed individually or jointly by the Defendants, but also by Defendants' officers, directors, vice-principals, agents, servants, or employees, and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, or employees.

## IV.
## FLSA Coverage

16. For purposes of this action, the "relevant period" or "class period" is the time-period commencing on the date that is three years prior to the filing of this action, and continuing thereafter until time of trial and judgment.

17. At all material times, each Defendant was an "employer". 29 U.S.C. § 203(d).

18. At all material times, each Plaintiff and each Member of the Plaintiff Class was an "employee". 29 U.S.C. § 203(e).

19. At all material times, Defendants were an "enterprise". 29 U.S.C. § 203(r) and 29 U.S.C. § 203(s)(1)(A).

20. Defendants are an integrated enterprise, in that "[s]uperficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer". *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).

21. At all material times, Defendants were an enterprise engaged in commerce or in the production of goods for commerce because they had employees engaged in commerce. 29 U.S.C. § 203(s)(1). Furthermore, Defendants have had, and continue to have, annual gross business volume in excess of the statutory standard.

22. Each Plaintiff and each Member of the Plaintiff Class was an individual employee engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207.

## V.
### COLLECTIVE ACTION ALLEGATIONS

23. Plaintiffs seek class certification pursuant to 29 U.S.C. § 216(b) and the Fifth Circuit's standard in *Swales v. KLLM Transport Services, Inc.*, 985 F.3d 430 (5th Cir. 2021).

24. Class certification is appropriate as to all similarly situated current and former store clerks who work, or worked, at Defendants' Gas Stations during any part of the relevant period.

25. Plaintiffs seek notice to issue to all non-exempt store clerks of the Defendants who together were victims of Defendants' widespread and identical violations of the FLSA.

26. Each Plaintiff worked overtime hours for which he received no overtime wages.

27. Each Plaintiff also worked straight-time hours, some of which remain unpaid.

28. Defendants' wide-spread policy and practice violated the FLSA because it allows the Defendants to avoid payment of their employees' overtime hours at the required premium overtime pay rate at time-and-one-half of the employee's base hourly rate. *See* 29 U.S.C. §207(a)(1). Included in Defendants' illegal scheme was payment of each employee's wages partly with check, and partly with cash, in order to achieve non-payment of some straight-time wages and non-payment of all overtime wages. The Defendants utilized this scheme for many years throughout their Gas Stations, including the Greens Mart Exxon.

29. By failing to properly document all straight-time and overtime hours worked, and by failing to pay all wages owed to Plaintiffs and to Members of the Plaintiff Class, the Defendants

committed repeated and willful violations of the recordkeeping requirements of the FLSA (29 U.S.C. §211(c); 29 C.F.R. §516. 29; and C.F.R. §516.27). Week after week, the Defendants consistently committed these violations over many years.

30. During the class period, the Defendants owned, controlled and operated the aforementioned businesses, and they implemented the illegal wage scheme across their enterprise that was shared by all of the Gas Stations and that was applied to all of their employees, including the Plaintiffs.

31. Defendants' uniform policy of underpaying their employees' straight-time and overtime wages is *prima facie* evidence of "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." *McKnight v. D. Hous., Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010) (Rosenthal, J.).

32. Members of the Plaintiff Class and the Plaintiffs have been victimized by Defendants' ill-conceived patterns, practices, and policies that violate the FLSA.

33. Each Plaintiff's experience was typical of the experiences of Members of the Plaintiff Class as it pertains to unpaid overtime; and, the specific job titles or job requirements of the various members of the Plaintiff Class do not prevent collective treatment because of said legal nexus binding them together as a class.

34. Further, although the amount of damages may vary among Members of the Plaintiff Class, there is no detraction from the common nucleus of liability facts that render this matter appropriate as a collective action under 29 U.S.C. § 216(b), and in accordance with the Fifth Circuit's standard in *Swales v. KLLM Transport Services, Inc.*, 985 F.3d 430 (5th Cir. 2021).

35. All current and former non-exempt employees, regardless of job title, job requirements, or rate of pay, to whom the Defendants denied straight-time and/or overtime compensation in one or more workweek are similarly situated to Plaintiffs, and are appropriate

members of the Plaintiff Class.

36. All current and former non-exempt employees employed by business establishments that the Defendants owned / controlled, who at any time during the three years prior to the date of filing of this action to the date of judgment were denied straight-time and/or overtime compensation in any given workweek may properly be included as members of the Plaintiff Class.

37. Thus, Plaintiffs seek to represent a class comprised of <u>all store clerks (a) who were paid at a straight-time hourly rate for hours worked in excess of forty in any workweek during the relevant period and / or who were not compensated for all of the straight-time hours they worked during the relevant period, and (b) who worked or currently work at any Gas Station owned and/or managed now or in the past by one or more Defendant</u>.

38. Individuals who opt into the collective action will be added to the litigation, and copies of their written consents to join a collective action will be filed with the Honorable Court.

## VI.
### FACTS

*<u>Plaintiff Jahidul Haque Hazary's employment with the Defendants</u>*

39. Mr. Hazary worked for the Defendants as a store clerk from April 2011 until the date the Defendants sold, or transferred operational control of, the Greens Mart Exxon, which Plaintiffs believe to be November 6, 2020.

40. During this period, and upon Defendants' direction, Mr. Hazary worked overtime hours on a weekly basis, typically averaging 75 hours a week.

41. At the time Mr. Hazary was hired, Defendants informed him that his pay rate would be $12.50 per hour, and that he would receive no overtime pay.

42. Defendants paid Mr. Hazary every two weeks partly with check and partly with cash. The wages Mr. Hazary received did not include any overtime pay; and similarly, the wages did not include some of Mr. Hazary's weekly straight-time wages.

43. Mr. Hazary now sues the Defendants for all of his unpaid straight-time and overtime wages.

*Plaintiff Bazlur Rahman Bhuiyan's employment with the Defendants*

44. Mr. Bhuiyan worked for the Defendants as a store clerk from February 1999 until the date the Defendants sold, or transferred operational control of, the Greens Mart Exxon, which Plaintiffs believe to be November 6, 2020.

45. During this period, and upon Defendants' direction, Mr. Bhuiyan worked overtime hours on a weekly basis, typically averaging 70 hours a week.

46. At the time Mr. Bhuiyan was hired, Defendants informed him that his pay rate would be $15.00 per hour, and that he would receive no overtime pay.

47. Defendants paid Mr. Bhuiyan every two weeks partly with check and partly with cash. The wages Mr. Bhuiyan received did not include any overtime pay; and similarly, the wages did not include some of Mr. Bhuiyan's weekly straight-time wages.

48. Mr. Bhuiyan now sues the Defendants for all of his unpaid straight-time and overtime wages.

*Employment of Members of the Plaintiff Class with the Defendants*

49. Like Messrs. Hazary and Bhuiyan, Members of the Plaintiff Class received no overtime wages because Defendants have a wide-spread policy of paying straight-time wages for overtime hours worked. They also did not receive some of their straight-time wages.

50. The Defendants own(ed), control(led) and/or operate(d) the Gas Stations where Plaintiffs and Members of the Plaintiff Class worked, and the Defendants had authority over the operations of these businesses.

51. Likewise, the Defendants controlled each Plaintiff's terms and conditions of employment, including all decisions pertaining to the payment or non-payment of wages owed

(i.e., non-payment of overtime wages and some straight-time wages), each Plaintiff's hourly pay rate, the number of hours each Plaintiff worked during each workweek, and the form of payment of wages (i.e., each Plaintiff's wages were paid with check and cash). The Defendants similarly controlled the terms and conditions of employment of each Member of the Plaintiff Class, and the Defendants subjected these individuals to identical violations of the FLSA for which they now collectively sue in order to recover their unpaid wages.

## VII.
### CAUSE OF ACTION AND DAMAGES SOUGHT

**<u>Violations of the FLSA – Failure to pay straight-time and overtime wages to Plaintiffs and all others similarly situated</u>**

52. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

53. Defendants' consistent and long-standing practice of not paying Plaintiffs time-and-a-half for hours worked in excess of 40 per workweek violates the FLSA. 29 U.S.C. § 207(a).

54. Each Plaintiff and each Member of the Plaintiff Class is a non-exempt employee entitled to receive overtime wages under the FLSA for all hours worked in excess of 40 during each seven-day workweek.

55. During their employment with the Defendants, Plaintiffs and Members of the Plaintiff Class worked overtime hours on a weekly basis at Defendants' request.

56. Defendants informed Plaintiffs and Members of the Plaintiff Class that no overtime would be paid despite being required to work overtime hours on a weekly basis.

57. Defendants knowingly and willfully usurped their legal obligation under the FLSA to pay their employees' overtime wages.

58. Plaintiffs and Members of the Plaintiff Class received no overtime wages because of Defendants' uniform policy of paying for overtime hours worked at straight-time hourly rates.

59. Because Defendants have a widespread policy and practice of not paying their employees' overtime, Defendants and the businesses they controlled committed repeated and willful violations of 29 U.S.C. § 207(a). **Worse yet, the Defendants consistently and repeatedly committed these violations each week over a period exceeding 20 years**. This amounts to wage theft on a grand scale, and truly a shame that the 3-year statute of limitations will shield the Defendants and allow them to receive a massive 17-year plus windfall at the expense of their employees.

60. Pursuant to 29 U.S.C. § 207(a), Plaintiffs and Members of the Plaintiff Class sue for their unpaid overtime wages unfortunately limited to within the three-year period preceding the filing of this civil action, and continuing thereafter until time of jury verdict and judgment.

61. Plaintiffs and Members of the Plaintiff Class also sue for all unpaid straight-time wages falling within the relevant period, pursuant to 29 U.S.C. § 206(a).

62. Additionally, pursuant to 29 U.S.C. §216(b), Plaintiffs and Members of the Plaintiff Class seek liquidated damages in amounts equaling their unpaid overtime wages, and as applicable, straight-time wages.

63. Further, Plaintiffs and Members of the Plaintiff Class seek attorneys' fees and costs for bringing this action pursuant to the FLSA. 29 U.S.C. §216(b) states, partly, that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

64. Plaintiffs and Members of the Plaintiff Class seek post-judgment interest at the highest rate allowed by law, assessed upon all damages, including attorney's fees and costs.

## VIII.
### JURY DEMAND

65. Plaintiffs and Members of the Plaintiff Class demand a jury trial.

# IX.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Jahidul Haque Hazary and Bazlur Rahman Bhuiyan, and Members of the Plaintiff Class, respectfully request that upon final hearing the Honorable Court grant relief against Defendants Greens Mart, Inc., Taufique Chowdhury, Mohammed Romman Chowdhury and Roksana Chowdhury, jointly and severally, as follows:

a. Authorize issuance of notice to all of Defendants' similarly situated employees employed during the relevant three-year lookback period, informing them of their right to participate in this collective action;

b. Declare the Defendants violated 29 U.S.C. § 207 by failing to pay Plaintiff and Members of the Plaintiff Class their overtime wages;

c. Declare the Defendants violated 29 U.S.C. § 206 by failing to pay some of the straight-time wages owed to each Plaintiff and each Member of the Plaintiff Class;

d. Declare the Defendants' violations of the FLSA are willful;

e. Order Defendants to pay all unpaid overtime wages, unpaid straight-time wages, and liquidated damages to each Plaintiff and to each Member of the Plaintiff Class;

f. Order Defendants to pay all reasonable attorneys' fees and costs of litigation pursuant to 29 U.S.C. §216(b);

g. Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorneys' fees, assessed against the Defendants; and,

h. Order all further relief, whether legal, equitable or injunctive, as may be necessary to effectuate full relief to the Plaintiffs and to Members of the Plaintiff Class.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By: */s/ Salar Ali Ahmed*
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
430 W. Bell Street
Houston, Texas 77019
Telephone: (713) 898-0982
Email: aahmedlaw@gmail.com

Attorney for Plaintiffs
Jahidul Haque Hazary,
Bazlur Rahman Bhuiyan, and
Members of the Plaintiff Class